# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT AND JURY DEMAND** |
| AGROPUR, INC., | ) ) | |
| Defendant. | ) ) ) ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Trisha Seeley. As alleged with greater particularity in paragraph 13 below, the Commission alleges that Defendant, Agropur, Inc., violated the Americans with Disabilities Act by failing to provide Seeley with a reasonable accommodation and instead discharging her for disability-related absences under its no-fault attendance policy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Agropur, Inc. (the "Employer"), has continuously been a corporation doing business in the State of Michigan and the City of Grand Rapids and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Trisha Seeley filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8. On March 18, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant Employer to join with the Commission

in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.     The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.    The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11.    On June 11, 2021, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.    Beginning in May 2018 and continuing through September 2018, Defendant Employer engaged in unlawful employment practices at its Grand Rapids, Michigan location in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

a. Trisha Seeley is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Seeley suffers from a dermatological disease, including eczema, severe dyshidrotic eczema, and an allergy to rubber and plastics. During periods of flare-ups, Seeley's hands would bleed, crack, peel, swell, and blister. At all relevant times, Seeley had a physical impairment that substantially limited the operation of a major bodily function, namely her skin, and during periods of flare-ups, she was substantially limited in the use of her hands.

b. After working as a temporary employee for approximately four months, Seeley was hired into a full-time position with Defendant Employer as a machine operator.

c. Seeley started experiencing painful rashes on her hands as a result of wearing the mandatory gloves to operate her machine.

d. At the time, her supervisor, Michael Thomas, was aware of the severity of her rashes because he sent her home for sanitary reasons.

e. In May of 2018, she requested intermittent leave under the Family Medical Leave Act to address her need for leave related to her disability. This would have allowed her to take a medical leave of absence when she could not work due to her allergic flare-ups. This request was denied.

f. At some point, Seeley also asked if she could wear a different type of glove which may have helped protect her from flare-ups. This request was denied.

g. Defendant Employer did not offer any type of reasonable accommodation.

h. At all relevant times, Defendant Employer maintained a no-fault attendance policy and it assessed Seeley with attendance points when she was forced to take leave due to her disability.

i. On or about September 24, 2018, Defendant Employer told Seeley she was being discharged because she had exceeded the maximum number of allowable absences under its no-fault attendance policy.

    i.    Defendant violated the ADA by failing to engage in the interactive process, by failing to provide Seeley with a reasonable accommodation, and by discharging Seeley.

14. The unlawful employment practices complained of in paragraph 13 above were intentional.

15. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Seeley.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating the employment of qualified employees because they have disabilities or because they are regarded as disabled, and failing to provide qualified employees with a reasonable accommodation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment

opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Seeley whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant Employer to make whole Seeley by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above in amounts to be determined at trial.

E. Order Defendant Employer to make whole Seeley by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 13 above, including but not limited to emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Seeley punitive damages for its malicious and reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


GWENDOLYN YOUNG REAMS
Acting General Counsel

KENNETH L. BIRD
Regional Attorney

OMAR WEAVER
Supervisory Trial Attorney


Dated: September 1, 2021     s/ Nedra Campbell
                             NEDRA D. CAMPBELL (P58768)

9

        Trial Attorney
        DETROIT FIELD OFFICE
        Patrick V. McNamara Federal
        477 Michigan Ave, Room 865
        Detroit, Michigan 48226
        (313) 774-0039
        nedra.campbell@eeoc.gov