# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
|     Plaintiff,  ) ) | Case No. 1:21-CV-00765 Hon. Robert J. Jonker |
| v.  ) ) | Magistrate Judge: Sally J. Berens |
| AGROPUR, INC.  ) ) | |
|     Defendant.  ) ) ) ) ) | |

_____/

KENNETH L. BIRD
OMAR WEAVER (P58861)
NEDRA CAMPBELL (P58768)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Counsel for Plaintiff
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 774-0039
nedra.campbell@eeoc.gov

GREGORY B. GILL, SR.
GILL & GILL, S.C.
Counsel for Defendant
501 S. Nicolet Road
Appleton, WI 54914
(920) 739-1107
gillsr@gillandgillsc.com

Nikole L. Canute (P68713)
Mika Meyers PLC
Co-Counsel for Defendant
900 Monroe Ave., NW
Grand Rapids, MI 49503-1423
(616) 632-8000
ncanute@mikameyers.com

_____/

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for **November 10, 2021**, at **3:00 p.m.**, before the Hon. Robert J. Jonker. Appearing for the parties as counsel will be:

    Nedra Campbell, Plaintiff's counsel

Nikole Canute, Defendant's counsel

Gregory Gill, Defendant's counsel, provided that Mr. Gill can participate remotely.  If that is not possible, Mr. Gill will not attend and Ms. Canute will represent Defendant at the Scheduling Conference.

(1)     Jurisdiction: This Court has subject matter jurisdiction over this action, which was filed pursuant to Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991. This case does not include any pendent state law claims.

(2)     Jury or Non-Jury: This case is to be tried before a jury, pursuant to Plaintiff's request.

(3)     Judicial Availability: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

(4)     Statement of the Case:

Plaintiff's Statement: The Commission filed this lawsuit against Agropur, Inc. for violating the Americans with Disabilities Act (ADA) by failing to provide Trisha Seeley, a machine operator at one of its facilities, with a reasonable accommodation which led to her discharge. At all relevant times, Seeley suffered from a dermatological disease, including eczema, severe dyshidrotic eczema, and an allergy to rubber and plastics. During periods of flare-ups, her hands would bleed, crack, peel, swell, and blister. Seeley started experiencing painful rashes on her hands as a result of wearing the mandatory gloves to operate her machine. In May of 2018, Seeley requested

intermittent leave under the Family Medical Leave Act to address her need for medical leave related to her disability. This would have allowed her to take a medical leave of absence when she could not work due to her allergic flare-ups. This request was denied. Seeley also asked if she could wear a different type of glove which may have helped protect her from flare-ups. This request was denied. In the meantime, Seeley continued to take leave when her medical condition required her to do so. At the time, Agropur maintained a no-fault attendance policy and it assessed Seeley with attendance points when she was forced to take leave due to her disability. On or about September 24, 2018, Agropur told Seeley she was being discharged because she had exceeded the maximum number of allowable absences under its no-fault attendance policy. Agropur violated the ADA by failing to engage in the interactive process, by failing to provide Seeley with a reasonable accommodation, and by discharging Seeley instead.

Defendant's Statement: Defendant contends that its decisions and actions taken in conjunction with the employment status of the former employee at issue, Ms. Seeley, were at all times lawful and in full compliance with applicable federal and state law.

Defendant contends that it engaged in the interactive process in an attempt to reasonably accommodate Ms. Seeley's skin condition, which resulted from wearing latex gloves that were required in the working environment.  Ms. Seeley insisted that she only be allowed to wear oatmeal-based gloves in the workplace.  Based upon the fact that the Defendant was a food manufacturing plant, oatmeal gloves created a sanitation and contamination danger.  Defendant asked Ms. Seeley if there were any other type of

Page | 3

glove that she could wear. Ms. Seeley said that she was only going to work if they allowed her to use oatmeal gloves. Defendant contends that its obligation to engage in the interactive process was met. Defendant further contends that it would have been an undue hardship to allow the employee to work with oatmeal gloves because to do so would have created a sanitation and contamination danger. Defendant's assessment of points for Ms. Seeley's absences under its policies was lawful and done in a nondiscriminatory manner. Its attendance policies were fully compliant with all federal and state laws. Once Ms. Seeley continued to refuse to report to work unless Defendant allowed her to wear oatmeal gloves, she accumulated the requisite points triggering termination of her employment.

(5) Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by: December 9, 2021.

(6) Disclosures and Exchanges:

(i) Fed.R.Civ.P. 26(a)(1) disclosures shall be made by: December 9, 2021

(ii) Fed.R.Civ. P. 26(a)(2) disclosures:

Plaintiff's Rule 26(a)(2) disclosures shall be made by: January 11, 2022.

Defendant's Rule 26(a)(2) disclosures shall be made by: February 10, 2022.

(iii) Fed.R.Civ.P. 26(a)(3) disclosures: Thirty (30) days prior to trial

      (iv)    The parties have not agreed to make any particular documents available without the need of a formal request for production.

      (v)    Initial Disclosure of potential lay witnesses: <u>April 15, 2022</u>.

(7)    Discovery: The parties believe that all discovery proceedings can be completed by <u>July 15, 2022</u>. The parties recommend the following discovery plan: Plaintiff anticipates taking the depositions of all persons involved in the actions referenced in the complaint and other significant witnesses.  Defendant anticipates taking the depositions of the employee complainant, witnesses disclosed by Plaintiff, and other significant witnesses.  In addition, the parties anticipate engaging in written discovery.  The parties agree that there is no need to modify the presumptive limits on the number of interrogatories, the number of depositions, or the length of depositions.  The parties agree on the presumptive limitations on the number and length of depositions and the number of interrogatories set forth in Fed.R.Civ.P. 30 and 33.  The one-day and seven-hour limitation for depositions should also not be modified in this case.

(8)    Motions: The parties anticipate that all dispositive motions will be filed by <u>August 16, 2022</u>. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

(9)    Alternative Dispute Resolution: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: The parties

would be willing to participate in an early Settlement Conference with a magistrate judge.

(10)     Length of Trial:  Counsel estimate the trial will last approximately five (5) days, total, allocated as follows: 2 ½ days for plaintiff's case, 2 ½ days for defendant's case.

(11)     Prospects of Settlement: The status of settlement negotiations is:  The parties have discussed settlement and agree to explore settlement and to negotiate in good faith.

(12)     Electronic Document Filing System: The parties agree to abide by the requirements of Local Civil Rule 5.7(a) requiring attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system.

(13)     Other: The parties do not anticipate any special characteristics that may warrant extended discovery or accelerated disposition by motion.

<table>
<tr><td>

\_\_\_s/ Nedra Campbell_____
Nedra Campbell (P58768)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Counsel for Plaintiff
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 774-0039
nedra.campbell@eeoc.gov

</td><td>

\_\_\_s/Gregory B. Gill, Sr.\_\_\_\_\_
Gregory B. Gill, SR.
GILL & GILL, S.C.
Counsel for Defendant
501 S. Nicolet Road
Appleton, WI
(920) 739-1107
gillsr@gillandgillsc.com

\_\_\_s/Nikole L. Canute\_\_\_\_\_
Nikole L. Canute (P68713)
Mika Meyers, PLC
Co-Counsel for Defendant
900 Monroe Ave., NW
Grand Rapids, MI 49503-1423
(616) 632-8000
ncanute@mikameyers.com

</td></tr>
</table>

Date: October 27, 2021