UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:21-CV-00765 Hon. Robert J. Jonker |
| v. | ) ) | Magistrate Judge: Sally J. Berens |
| AGROPUR INC. | ) ) ) | |
| Defendant. | ) ) ) ) ) ) | |

| | |
|---|---|
| KENNETH L. BIRD<br>OMAR WEAVER (P58861)<br>NEDRA CAMPBELL (P58768)<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>Counsel for Plaintiff<br>477 Michigan Ave, Room 865<br>Detroit, Michigan 48226<br>(313) 774-0039<br>Nedra.campbell@eeoc.gov | GREGORY B. GILL, SR.<br>GILL & GILL, S.C.<br>Counsel for Defendant<br>501 S. Nicolet Road<br>Appleton, WI 54914<br>Telephone 920/739-1107<br>gillsr@gillandgillsc.com<br><br>Nikole L. Canute (P68713)<br>Mika Meyers PLC<br>Co-Counsel for Defendant<br>900 Monroe Avenue, NW<br>Grand Rapids, MI 49503<br>(616) 632-8000<br>ncanute@mikameyers.com |

## **CONSENT DECREE**

The Equal Employment Opportunity Commission (the "EEOC" or the

"Commission") instituted this action against the Defendant, Agropur Inc. (the

"Defendant") pursuant to Title I of the Americans with Disabilities Act (ADA) of 1990

03095866 1

and Title I of the Civil Rights Act of 1991 alleging unlawful employment practices based on disability and to provide relief to the Charging Party, Trisha Seeley. The Commission and Defendant agree that this action should be resolved by entry of this Consent Decree.

This Consent Decree shall be a final and binding settlement in full disposition of all claims raised in the complaint filed by the Commission in Case No. 1:21-CV-00765. It is therefore the finding of this Court, made on the pleadings and record as a whole, that: 1) the Court has jurisdiction over the parties and subject of this action; 2) the purpose and provisions of the ADA will be promoted and effectuated by entry of this Consent Decree; and 3) this Consent Decree resolves all issues raised by the Commission's complaint in this case as provided below. It is hereby ORDERED, ADJUDGED AND DECREED:

### **MONETARY RELIEF**

1.  Within fourteen (14) days from entry of this Consent Decree, Defendant shall pay Trisha Seeley the total sum of $79,0000. Of this monetary payment, $39,500 shall be considered back pay, and $39,500 shall be considered compensatory damages. Defendant shall issue a W-2 for the amount designated as back pay, less appropriate taxes and withholdings, and a 1099-MISC for the remaining amount, in the ordinary course of business. Defendant shall not deduct the amount of the employer's share of any costs, taxes, or social security payments required by law to be paid by the Defendant. Payment of the back pay and compensatory damages shall be mailed to Trisha Seeley at the address provided by counsel for the Commission. A copy of each

check shall be mailed to Kenneth L. Bird, c/o Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226 and shall also be sent via email to monitoring-eeoc-indo@eeoc.gov. Trisha Seeley, not Defendant, shall be responsible for payment of all of her taxes associated with the portion of the payment designated as compensatory damages.

## NON-DISCRIMINATION AND RETALIATION

2. Defendant and its officers, agents, employees, and successors are enjoined from the following: a) assessing attendance points against employees who have provided doctor's notes for disability-related absences in violation of the ADA; or b) discharging employees under its no-fault attendance policy based on attendance points (in whole or in part) that accrued due to the employee's disability in violation of the ADA. Nothing in this paragraph prevents Defendant from assessing attendance points against employees who violate Defendant's notice and call-in procedures.

3. Defendant and its officers, agents, employees, and successors are enjoined from retaliating against any employee because s/he: (i) opposes discriminatory practices as stated in the prior paragraph; (ii) files a charge of discrimination or assists or participates in the filing of such a charge; or (iii) assists or participates in an investigation or proceeding relating to such conduct.

## TRAINING

4. Within sixty (60) days after the Consent Decree has been entered by the Court, Defendant shall provide mandatory training to all of its supervisors, managers, and human resources personnel. This training will focus on the requirements of the

Americans with Disabilities Act of 1990, as amended. In addition, this training shall be provided to each new supervisor, manager, and/or human resources employee within sixty (60) days of being hired.

5. The training will include information regarding the meaning of an individual with a "disability" under the ADA, the Defendant's duty to provide reasonable accommodations to qualified individuals with disabilities, and the duty to make an exception to Defendant's zero-tolerance attendance policy for disabled employees whose disability may necessitate being absent from work.

6. Within 30 days after each mandatory training program, Defendant will provide the Commission with a certification that all of its supervisors, managers and human resources personnel have been trained. This information shall be provided to Kenneth L. Bird, Regional Attorney, c/o Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226 via regular mail and shall also be sent via email to monitoring-eeoc-indo@eeoc.gov.

## NOTICE POSTING

7. Defendant shall post the Notice attached as Attachment A in a conspicuous place where employees' notices are posted within 30 days after entry of this Consent Decree. This Notice shall be posted throughout the term of this Consent Decree. Written confirmation that the Notice has been posted shall be mailed to Kenneth L. Bird, c/o Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226 and shall also be sent via email to monitoring-eeoc-indo@eeoc.gov. Should the notice become defaced, marred or otherwise made

unreadable, Defendant will post a readable copy of the Notice in the same manner as soon as practicable.

## REPORTING

8.  Defendant shall provide written verification within thirty (30) days of entry of the Consent Decree that it has posted the notice attached as Attachment A as required in paragraph 7 above.

9.  For the duration of this Consent Decree, Defendant shall maintain a record of each employee who requests an accommodation due to a medical condition. The record shall include each such employee's name, address, telephone number, the type of accommodation that was requested, and the result of the request (e.g., granted, denied, or modified by providing an alternate request). Within six (6) months of entry of this Consent Decree, Defendant shall provide the Commission with a copy of this record. Defendant shall continue to provide a copy of this record on a semi-annual basis every six (6) months for the duration of the Consent Decree. If no individual meeting the above criteria has requested an accommodation, then Defendant shall also indicate this to the Commission. This information shall be provided to Kenneth L. Bird, Regional Attorney, c/o Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226 via regular mail and shall also be sent via email to monitoring-eeoc-indo@eeoc.gov.

## DISPUTE RESOLUTION AND COMPLIANCE

10. The Commission shall have the right during regular business hours defined as Monday through Friday, 8:00 am to 9:00 pm, EST, to enter and inspect Defendant's premises to ensure compliance with this Decree.

11. The Court shall retain jurisdiction and will have all available equitable powers to enforce this Consent Decree. Upon motion of the Commission, the Court may schedule a hearing for the purpose of considering allegations of non-compliance with this Consent Decree. The parties shall engage in a good-faith effort to resolve any dispute as to compliance prior to seeking review by the Court.

12. The Commission may review compliance with this Decree. As part of such review, the Commission may interview Defendant's employees who are pertinent to the Commission's allegations of non-compliance.

13. In the event the Court finds that Defendant has not complied with any provision of this Decree, and the Commission petitions the Court to order Defendant to comply, the Commission is entitled to a penalty of $750 per day until Defendant is in compliance with the Decree again. The Court may enter an Order requiring the payment of this daily $750 penalty, in addition to all attorney's fees and costs incurred by the Commission to enforce the Decree. Nothing in this Consent Decree would give the Commission the right to raise allegations of new violations of the ADA addressed by paragraph 2 and 3 of this Consent Decree in this Court, unless the alleged statutory violation occurs within the Western District of Michigan. Likewise, nothing in this

Consent Decree precludes the Commission from bringing a new enforcement action based on different factual circumstances in a court in another jurisdiction.

## DURATION

14. This Consent Decree shall expire within one (1) year without further action by the Parties.

## MISCELLANEOUS

15. Except as otherwise provided in paragraphs 13 and 14, each party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Consent Decree.

16. If any provision of this Consent Decree is found to be unenforceable by a Court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force.

17. Defendant will not condition the receipt of individual relief on Seeley's agreement to (a) maintain as confidential the terms of this decree or the facts or allegations underlying the litigation, (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive her right to apply for a position at any of Defendant's facilities.

18. The terms of this Consent Decree are and shall be binding upon the present and future owners, officers, directors, trustees, administrators, successors, representatives, and assigns of Defendant. Before selling any or all of the business, Defendant shall notify all potential buyers and bidders of this Decree and its terms.

Among other things, the notice shall include a copy of this Decree, personally served by Defendant.

19. Any modifications to this Consent Decree must be approved by the Court.

20. The Court shall retain jurisdiction of this case through the term of the Consent Decree.

| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **AGROPUR INC.** |
|---|---|
| /s/ Nedra Campbell<br>NEDRA CAMPBELL (P58768)<br>Patrick V. McNamara Federal Bldg.<br>477 Michigan Ave, Room 865<br>Detroit, Michigan 48226<br>(313) 774-0039<br>Nedra.Campbell@eeoc.gov<br><br>Dated: April 15, 2022 | /s/ Gregory Gill, Sr.<br>GREGORY B. GILL, SR.<br>GILL & GILL, S.C.<br>501 S. Nicolet Road<br>Appleton, WI 54914<br>(920) 739-1107<br>gillsr@gillandgillsc.com<br><br>/s/ Nikole Canute<br>Nikole L. Canute (P68713)<br>Mika Meyers PLC<br>900 Monroe Avenue, NW<br>Grand Rapids, MI 49503<br>(616) 632-8000<br>ncanute@mikameyers.com<br><br>Dated: April 15, 2022 |

**IT IS SO ORDERED**:

Date: April 18, 2022

/s/ Robert J. Jonker
Hon. Robert J. Jonker
United States District Judge

ATTACHMENT A

# NOTICE TO ALL EMPLOYEES

The following notice is being posted pursuant to the terms of a Consent Decree reached between the parties in EEOC v. Agropur Inc. filed in the United States District Court for the Western District of Michigan, Civil Action No. 1:21-CV-00765.

Pursuant to the Americans with Disabilities Act, it is unlawful for an employer to discriminate against an employee in connection with job application procedures, hiring, firing, advancement, compensation, job training, and other terms, conditions, and privileges of employment because the employee is disabled, is regarded as being disabled, or has a record of disability.

Under the Americans with Disabilities Act, it is unlawful for an employer to refuse to hire an individual because s/he is disabled. Also, both a job applicant and an employee may be entitled to a reasonable accommodation for a disability.

Any individual who believes that s/he has been denied a reasonable accommodation should contact the EEOC. In addition, any employee who believes that s/he has suffered discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, disability, or genetic information, or has been retaliated against because s/he has engaged in activity protected by these laws has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, Agropur Inc. will not retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart, the Michigan Department of Civil Rights.

AGROPUR INC.

By:_____  Date _____

**This Notice shall remain posted for the term of one year, until May 2023.**

03095866 1